## Case No. 4,314.

### In re EIDOM.

[3 N. B. R. 106 (Quarto, 27).][1]

District Court, W. D. Texas. 1869.

---

[2] [From 5 Chi. Leg. News, 423.]

[1] [Reprinted by permission.]

DUVAL, District Judge. Peter McGreal, Esq., a creditor of the bankrupt, having filed specifications, original and amended, in opposition to the discharge of said bankrupt, the same came on to be heard upon exceptions taken by the bankrupt's counsel to the sufficiency thereof.

The first exception is, substantially, that at, or a short time previous to the filing of his petition in bankruptcy, the bankrupt had on hand eleven bales of lint cotton, which he failed to render in his schedule "B," or surrender to the assignee as assets; and here the specification makes reference to the examination of the bankrupt before Mr. Register Whitmore, on the 19th and 20th days of April, 1869, from question 2 to question 17, inclusive. A mere failure on the part of the bankrupt to render in property possessed by him on his schedules, is not made a ground by the act for refusing his discharge. The act does make the concealment of the same a ground for such action, but then it must be averred and proved that it was willful. If an allegation of "failure to render" be sufficient at all,.it must be alleged to have been willful. For this reason, as well as because this specification is too vague and general in alleging the time when he had possession of said cotton, etc., I regard it as insufficient. The first amended .exception is insufficient, for the reasons stated in regard to this.

The second of both the original and amended specifications are vague, uncertain, and at variance with each other. The former charges that at the time of filing his petition, the bankrupt was the owner of three hundred and twenty-seven and a half acres of land (as shown by his schedule "B,") encumbered by vendor's lien in favor of J. M. Copeland, which lien was subsequently, in pursuance of an agreement between said Copeland and the bankrupt, waived as to two hundred acres, and the remainder only sold in satisfaction of said vendor's lien, thereby willfully defrauding his creditors. And here reference is made to the examination of the bankrupt had before the register. The latter (viz., the second amended specification) alleges that the bankrupt falsely represented that said Copeland had a lien upon the three hundred and twenty-seven and a half acres for two hundred dollars; and that R. E. House, assignee of bankrupt, sold one hundred and twenty-seven acres of said land to Copeland in payment of said lien, which is charged to have no existence, etc. Neither of these specifications, vague and conflicting as they are, seem to me to constitute any ground mentioned in the act for refusing the bankrupt his discharge. They form a charge more against the assignee than the bankrupt.

The third original specification is, that the assignee of bankrupt, by mistake or inadvertence, has set apart to the bankrupt certain property as exempt, which is not exempt by law, and which should be subject to his creditors. This is clearly no ground for opposing the discharge. The propriety of the assignee's action in this respect should have been contested at the proper time and in the proper manner. It cannot furnish a reason for refusing the discharge.

The fourth of the original specifications is that the said bankrupt has been guilty of gross negligence in willfully permitting the twelve hundred pounds of seed cotton mentioned in schedule "B," "and a large amount of cotton in the patch to be destroyed and eaten up by cattle," etc. No time is alleged at which the bankrupt permitted this willful destruction, nor is there any specific charge as to the amount of cotton, excepting the twelve hundred pounds. Neither is it alleged that the bankrupt was in charge of this cotton at the time of its loss, or that he was responsible for it. For aught that appears in the specification, it may have been destroyed after the assignee had been appointed. Specifications in opposition to a discharge in bankruptcy must be precise and definite. They must particularize facts descriptive of the offense as charged, constituting the ground for objecting to the discharge, setting forth, as clearly as may be, the time, place, person, etc. A specification, containing a reference to facts supposed to be shown on an examination of the bankrupt by the register, is, in that respect, I think, faulty. The facts alone, showing a ground under the 29th section for resisting the discharge, should be set forth without reference to any matter aliunde.

The exceptions to the specifications in this case are sustained, and the discharge is ordered to issue.